Kenneth J. Abere, Jr., OSB No. 942345
KAbere@cosgravelaw.com
COSGRAVE VERGEER KESTER LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone:    (503) 323-9000
Facsimile:    (503) 323-9019

Attorneys for Defendant Grizzly Industrial, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| JACOB RAPANT,<br><br>      Plaintiff,<br><br>      v.<br><br>GRIZZLY INDUSTRIAL, INC., a foreign business corporation,<br><br>      Defendant. | Case No. 6:22-cv-1200<br><br>**NOTICE OF REMOVAL OF ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant Grizzly Industrial, Inc. ("Grizzly") removes this action pursuant to 28 U.S.C. §§ 1441 and 1446.[1]  This Court has diversity jurisdiction of this case because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000.  This action should therefore proceed before this Court.

### I. BACKGROUND

1. On July 6, 2022, Plaintiff Jacob Rapant filed a Complaint, Case Number 22CV22340, in the Circuit Court of Marion County, Oregon (the "Complaint").  In the Complaint,

---

[1] By filing this notice, Grizzly does not waive, and specifically reserves, all defenses and exceptions to this action.

Page 1 -   **NOTICE OF REMOVAL OF ACTION**

Plaintiff asserts products liability claims against Grizzly.

2. A true and correct copy of all process, pleadings, and orders served on Grizzly in Case Number 22CV22340 in the Circuit Court of Marion County, Oregon, is attached hereto as Exhibit A.

3. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because it is a civil action between citizens of different States and the amount in controversy exceeds the sum of $75,000. *See* 28 U.S.C. § 1332(a)(1) (granting federal district courts jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States").

## II. DIVERSITY JURISDICTION

### A. The Parties Are Diverse

4. Based on the allegations of the Complaint, Plaintiff is a citizen of Oregon for diversity purposes. Complaint at ¶ 5.

5. The Complaint correctly states Grizzly is a Washington Corporation. *See* Complaint at ¶ 3. Grizzly is incorporated in the state of Washington and maintains its principal place of business in Washington. *See id.*; Washington Secretary of State Records, attached hereto as Exhibit B. Accordingly, Grizzly is a citizen of Washington for the purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State…by which it has been incorporated and of the State…where it has its principal place of business….").

6. Based on the foregoing, there is complete diversity of citizenship between the parties.

Page 2 -   **NOTICE OF REMOVAL OF ACTION**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

### B.     The Amount in Controversy Exceeds $75,000

7.     The amount in controversy requirement of 28 U.S.C. § 1332 is also satisfied. Viewing Plaintiff's allegations as a whole and from the Plaintiff's perspective, the amount of damages sought in this action exceeds $75,000.

8.     In determining whether the amount in controversy is met, "[t]he district court may consider whether it is 'facially apparent' from the complaint that" the amount is met. *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). "If not, the court may consider facts in the removal petition, and may 'require the parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Id.*

9.     "[C]ourts may use judicial experience and common sense in determining whether it is facially apparent that the amount in controversy is satisfied, and courts should conduct an independent appraisal of the allegations of the complaint." *See Samsky v. State Farm Mut. Auto. Ins. Co.*, No. 219CV00992CASJPRX, 2019 WL 1488737, at *3 (C.D. Cal. Apr. 3, 2019).

10.    The Complaint alleges Grizzly is responsible to Plaintiff for severe injuries Plaintiff has allegedly sustained.[2]  Specifically, the Complaint alleges four of Plaintiff's fingers were "sever[ed]/partial[ly] sever[ed]" by products Grizzly manufactured and sold. Complaint at ¶ 21. Attached as Exhibit 1 to the Complaint is an image allegedly showing the graphic extent of the injuries to Plaintiff's injured hand. *Id.* at Ex. 1.

11.    The Complaint alleges Plaintiff's injuries—the "severance/partial severance of 4 fingers on Plaintiff's right hand"--"are permanent and degenerative in nature" and "have increased his susceptibility to future injury" and "future osteoarthritis." *Id.* at ¶¶ 21-22.

---

[2] Grizzly does not admit these allegations.

Page 3 -   **NOTICE OF REMOVAL OF ACTION**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

12. The Complaint seeks to recover judgment for non-economic damages "to be determined by a reasonable jury" up to $5,000,000. *See id.* at ¶ 22.

13. Plaintiff's demand for damages up to $5,000,000 indicates he is seeking damages well beyond the $75,000 jurisdictional threshold.

14. Additionally, Plaintiff's allegations concerning the nature and magnitude of his injury confirm the amount in controversy requirement is satisfied. Given that Plaintiff is alleging significant injuries to four of his fingers, it is foreseeable that a trier of fact could award him damages he seeks in excess of $75,000. *See Villalba v. Rockford Sys., Inc.*, No. 02-CV-4455 (ARR)(RML), 2006 WL 526660, at *1-2 (E.D.N.Y. Mar. 3, 2006) (awarding $305,000 in damages where a blade cut off portions of two fingers); *see also Winfield v. Wal-Mart Stores, Inc.*, No. 214CV01034MMDCWH, 2016 WL 10807599, at *2 (D. Nev. Sept. 9, 2016) (relying on the fact that juries in factually similar cases had returned damages awards in excess of the amount necessary to reach the jurisdictional threshold in that case to find the amount in controversy requirement was satisfied).

15. Because the allegations in the Complaint establish that Plaintiff is seeking up to $5,000,000 in damages and that Plaintiff has suffered severe injuries to his hand for which a significant recovery is foreseeable, it is "more likely than not" that the amount in controversy in this case exceeds $75,000. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) ("[T]he defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the jurisdictional threshold].").

16. The Court thus has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, and Grizzly may remove this action to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446.

Page 4 -   **NOTICE OF REMOVAL OF ACTION**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

### III. CONCLUSION

A true and correct copy of this Notice of Removal will be filed with the Clerk of the Circuit Court of Marion County, Oregon, as required by 28 U.S.C. § 1446. Concurrent with the filing of this Notice of Removal, Grizzly has served Plaintiff with a copy of Grizzly's Notice of Removal to Federal Court. A copy of this Notice, without exhibits, is attached hereto as Exhibit C.

WHEREFORE, Grizzly prays that Case Number 22CV22340 in the Circuit Court of Marion County, Oregon, be removed to and proceed in this Court and that no further proceeding be had in this case in the Circuit Court proceeding.

DATED: August 15, 2022

        COSGRAVE VERGEER KESTER LLP

        s/ Kenneth J. Abere, Jr.
        Kenneth J. Abere, Jr., OSB No. 942345
        KAbere@cosgravelaw.com
        900 SW Fifth Avenue, 24th Floor
        Portland, OR 97204
        Telephone: 503-323-9000
        Facsimile: 503-323-9019

        Attorneys for Defendant Grizzly Industrial, Inc.

Page 5 -  **NOTICE OF REMOVAL OF ACTION**

Cosgrave Vergeer Kester LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the foregoing **NOTICE OF REMOVAL OF ACTION** on the date indicated below by:

☐ mail with postage prepaid, deposited in the US mail at Portland, Oregon,

☐ hand delivery,

☐ facsimile transmission,

☐ overnight delivery,

☒ electronic filing notification.

If served by facsimile transmission, attached to this certificate is the printed confirmation of receipt of the documents generated by the transmitting machine. I further certify that said copy was placed in a sealed envelope delivered as indicated above and addressed to said attorney at the address listed below:

C. Aaron Johnson
Ryan S. Jennings
The Gatti Law Firm
235 Front St., SE, STE 200
Salem, OR 97301
cajohnson@gattilaw.com
rsj@gattilaw.com
      Attorneys for Plaintiff

DATED: August 15, 2022

s/ Kenneth J. Abere, Jr.
Kenneth J. Abere, Jr., OSB No. 942345

Page 1 – **CERTIFICATE OF SERVICE**